```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
```

Dan Jay Drexler,                                    Civ. No. 12-505 (PJS/JJK)

      Plaintiff,

v.

County of Dakota; Don Gudmundson;   **REPORT AND RECOMMENDATION**
John Doe, Schock; and Does 1-X,     **TO DISMISS FOR LACK OF**
inclusive;                          **PROSECUTION**

      Defendants.

Dan Jay Drexler, 2136 Ford Parkway, #272, St. Paul, MN 55116, *pro se*.

## INTRODUCTION

This matter is before this Court sua sponte for a Report and Recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that Plaintiff's Complaint (Doc. No. 1), be dismissed without prejudice for lack of prosecution.

## BACKGROUND

On February 27, 2012, Plaintiff filed his Complaint in this matter and an Application to Proceed In Forma Pauperis. (Doc. Nos. 1, 2.) On March 5, 2012, the Court granted Plaintiff's Application to Proceed In Forma Pauperis. (Doc. No. 3.) The Order stated that "the clerk [would] issue summons and the United States marshal [would] serve a copy of the complaint, summons and this order

upon the defendant(s) *as directed by the plaintiff*." (Doc. No. 3 (emphasis added).) On March 5, 2012, the Clerk's Office sent Plaintiff a checklist, which stated: "Please complete the enclosed U.S. Marshal Service Form(s) (one per defendant) and return to the office indicated at the top of this form. Service cannot be performed until these completed forms have been received by the Clerk's Office." (Doc. No. 4.) On July 27, 2012, the Clerk's Office sent a letter to Plaintiff, which stated the following:

> We are making a second attempt to inform you that your application to proceed without paying prepayment fees (IFP) has been approved in civil action number 12-cv-505 (PJS/JJK). **You will need to complete the enclosed U.S. Marshal Service Form(s) (one per defendant) and return them to one of our offices** (please see the heading of the letter for the addresses). Service <u>cannot</u> be performed until these completed forms have been received by the Clerk's Office.

(Doc. No. 5 (emphasis in original).) As of October 22, 2012, Plaintiff has not returned completed U.S. Marshal Service Forms to the Clerk's Office, and therefore, a summons has not issued and service of the summons and Complaint on Defendants has not been effected.

On October 1, 2012, this Court issued an Order to Plaintiff to show cause why this case should not be dismissed for lack of prosecution, allowing Plaintiff until October 15, 2012, to file his response. As of the date of this Report and Recommendation, Plaintiff has not responded to this Court's Order to Show Cause, nor has he obtained summons from the Clerk of Court and effected

2

service of the summons and Complaint on each Defendant.

## DISCUSSION

This case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(c)(1) and 4(m). Rule 4(c)(1) states:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, Plaintiff did not return completed U.S. Marshal Service Forms to the Clerk's Office so that the summons could be served on Defendants within the 120-day period prescribed by the Rules. Plaintiff has been notified of this deficiency through the service of the Court's Order to Show Cause. Plaintiff has not responded to the Court's Order, and therefore has not shown good cause for the failure of service. Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must dismiss the

action without prejudice against [the] [D]efendant or order that service be made within a specified time." Because of the lack of response by Plaintiff, this Court recommends dismissing this case without prejudice.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Plaintiff's Complaint (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE**.


Date: October 22, 2012

            *s/Jeffrey J. Keyes*
            JEFFREY J. KEYES
            United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 5, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.